**HOLMES & SON, Inc., v. COMMISSIONER OF INTERNAL REVENUE.**

No. 5455.

Circuit Court of Appeals, Fourth Circuit.

May 1, 1946.

Neil Burkinshaw, of Washington, D. C., for petitioner.

Fred E. Youngman, Sp. Asst. to Atty. Gen. (Sewall Key, Acting Asst. Atty. Gen., and Helen R. Carloss, Sp. Asst. to Atty. Gen., on the brief), for respondent.

Before GRONER, Chief Justice of the U. S. Court of Appeals for the District of Columbia, and SOPER and DOBIE, Circuit Judges.

DOBIE, Circuit Judge.

Holmes and Son, Inc., hereinafter referred to as petitioner, has filed a petition asking this Court to review a decision of the Tax Court of the United States upholding the Commissioner of Internal Revenue in a determination of a deficiency in the amount of $8,307.23 with respect to the Unjust Enrichment Tax, imposed under Section 501(a) (2) of Title III of the Revenue Act of 1936, 26 U.S.C.A. Int.Rev. Code, § 700(a) (2), for the calendar year 1937.

Petitioner, a Delaware corporation, operates a wholesale and retail bakery business in Washington, D. C. During the effective period of the processing taxes imposed by the Agricultural Adjustment Act, petitioner paid its suppliers the amounts of such taxes imposed upon the processing of wheat into flour. Following the invalidation of these taxes on January 6, 1936, it received (during 1937) reimbursements of such tax payments in the amount of $12,550.50.

The provisions of the Revenue Act of 1936 make such refunds subject to a special "windfall" tax, unless the recipient establishes that the burden of the original tax was not shifted to its vendees. In due time, petitioner filed a return in which it contended that this burden had not been shifted to its vendees and that accordingly no tax was due. After appropriate proceedings, the Commissioner determined otherwise and from this determination an appeal was taken to the Tax Court. From a decision of the Tax Court sustaining the Commissioner's findings, the case comes here upon petition for review.

■ The scope of the review which this Court may grant is rigidly limited to a consideration of questions of law as distinguished from questions of fact. Revenue Act of 1926, § 1003(b), 44 Stat. 9, 110, 26 U.S.C.A. Int.Rev.Code, § 1141(c) (1).

The force of this limitation has been well stated by Mr. Justice Jackson:

"It is difficult to lay down rules as to what should or should not be reviewed in tax cases except in terms so general that their effectiveness in a particular case will depend largely upon the attitude with which the case is approached. However, all that we have said of the finality of administrative determination in other fields is applicable to determinations of the Tax Court. Its decisions, of course, must have 'warrant in the record' and a reasonable basis in the law. But 'the judicial function is exhausted when there is found to be a rational basis for the conclusions approved by the administrative body.'" Dobson v. Commissioner, 320 U.S. 489, 501, 64 S.Ct. 239, 246, 88 L.Ed. 248.

The taxpayer seeks to avoid the effect of this restriction by contentions that the application of the facts in the instant case was erroneous as a matter of law and that the Tax Court's opinion discloses a failure to take all the relevant facts into account in reaching its decision. We find these contentions to be without merit.

We are convinced that it would be difficult to find a more purely factual situation than the present one. The entire dispute turns on the interpretation to be placed upon an analysis of the taxpayer's incomplete accounting records. The Commissioner contended that petitioner's increase in price (one month after the imposition of the processing tax), coupled with changes in the proportion of different types of products made, rendered its computation, which disclosed a decrease in its profit margin, invalid. Instead, the Commissioner offered other computations showing decreases in the costs of production other than raw materials which indicated that, in fact, the burden of the processing tax had been passed on. The evaluation of these statistics is clearly a question of fact, within the sole jurisdiction of the Tax Court.

Taxpayer in its argument stresses the presumption with respect to the shifting of the tax burden which Section 501(e)(1) of the statute allows upon the basis of the marginal computations which it submitted. There is substantial dispute as to whether such a presumption was established here because of petitioner's inability to comply with the exact terms of the statute. But even if the presumption is granted, Section 501(i) provides the procedure by which the Commissioner may rebut it. The Tax Court held that the proof offered for the Commissioner constituted a sufficient rebuttal to overcome this presumption. We find that there is certainly substantial evidence to support this finding.

Petitioner seeks to strengthen its case by noting that certain elements (delivery and administrative expense) which it contended entered into cost of production had been disregarded by the Commissioner and hence by the Tax Court. Yet it may be noted that the Tax Court listed these items in the computations shown in its opinion and then concluded its statement in these words:

"From a consideration of *all of the evidence,* we think it plain that the respondent's contention that the evidence shows that the petitioner shifted the full burden of the processing tax paid by it to its vendees is well supported. The increase in prices of bakery products made by the petitioner in August, 1933, was fully twice the amount of the processing taxes which it was required to pay. We must therefore conclude that the petitioner intended to and did shift to its vendees the burden of the processing taxes for which it was reimbursed." (Italics ours.) 5 T. C. 417.

Accordingly, we conclude that the petitioner's contentions are without merit and that the decision of the Tax Court should be affirmed. We note in passing that a major part of the arguments advanced by the taxpayer in seeking an opposite conclusion were concerned with the economic hardships and the violation of public policy which were alleged to be attached to an enforcement of the decision below. Certainly it is no part of the function of this Court either to pass upon the public policy involved in taxing statutes or to mitigate the rigors of these statutes on the basis of economic hardship. As to such matters,

taxpayers must address their complaints to the Congress, not to the courts.

The decision of the Tax Court is affirmed.

Affirmed.